IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TREMAINE L. KITCHEN, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. DKC-12-1244 |
| WARDEN | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

Currently confined at the North Branch Correctional Institution in Cumberland, Maryland, Tremaine L. Kitchen, Petitioner, filed the instant 28 U.S.C. § 2254 habeas corpus application on April 20, 2012, challenging his 1996 convictions for second degree murder and related offenses. The self-represented petitioner states that he was illegally sentenced in that his sentence was improperly enhanced due to a handgun conviction.[1]  ECF Nos. 1 & 3.

Respondents indicate that the petition should be dismissed as a successive petition. ECF No. 6. Petitioner has replied. ECF No. 7. For the reasons set out herein, this court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

On June 26, 2000, Petitioner filed his first federal habeas corpus application which was denied by this court on January 25, 2001. *See Kitchen-El v. Rowley*, Civil Action No. DKC-00-1926 (D. Md. 2000). Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider Petitioner's application for habeas corpus relief. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303,

---

[1] Petitioner is mistaken in his belief that because he is challenging his sentence rather than finding of guilt, the instant petition is not a successive petition. *See* ECF No. 7.

1305-07 (11th Cir.1996) *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).  Because it does not appear that Petitioner has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the "motion" are extensive.  Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition.  It is to be emphasized that Petitioner must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' "  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.  Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

A separate Order shall be entered reflecting the ruling set out herein.

Date:   September 4, 2012                              /s/
                                                                DEBORAH K. CHASANOW
                                                                United States District Judge